UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-23998-COOKE/TORRES

BLINC, INC.,

    Plaintiff,

v.

AZ MIAMI CORP.,

    Defendant.

_____/

ORDER GRANTING MOTION TO REMAND

THIS MATTER is before me on Plaintiff Blinc Inc.'s fully briefed Motion to Remand to State Court (ECF Nos. 5, 8, 12, 13, and 14) and Defendant AZ Miami Corp.'s fully briefed Motion to Dismiss (ECF Nos. 3, 9, 10). For the reasons stated in this Order, the Motion to Remand is granted and the Motion to Dismiss is denied as moot.

## I. BACKGROUND

This case was originally filed in the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County. Plaintiff Blinc, Inc. ("Blinc") and Defendant AZ Miami Corp. ("AZ") are Florida corporations.[1] (ECF 1-2 at ¶¶ 2, 3). Blinc is a manufacturer and distributor of makeup products in the luxury cosmetic sector. (*Id.* at ¶ 6). AZ operates a warehouse facility in Medley, Florida. (*Id.* at ¶ 8).

On April 5, 2014, a shipment of 67,040 units of Blinc mascara and eyeliner (the "Merchandise") was shipped from the manufacturer's facility in Japan to Blinc in Boca Raton, Florida aboard the Sea-Land Comet, V. 1406. (*Id.* at ¶ 10). The shipment traveled under Fedex Trade Networks Uniform Straight Bill of Lading No. 64-2888393/001. (*Id.* at ¶ 11). On April 16, 2014 the shipment arrived at the Port of Los Angeles, California. (*Id.* at ¶ 14). "The shipment was subsequently transported from the Port of Los Angeles to Defendant AZ's warehouse in Medley Florida where the shipment arrived in good order and condition, without exception, on May 2, 2014, pending customs approval." (*Id.* at ¶ 15).

---

[1] All background facts are taken from Plaintiff's Complaint (ECF No. 1-2).

On May 6, 2014, the shipment was cleared by U.S. Customs and scheduled for delivery. (*Id.* at ¶ 16).

That same day, the Merchandise was released by AZ warehouse personnel to "criminals who had been made aware of the arrival and pending release" of the merchandise. Some of the Merchandise was recovered on May 19, 2014, but the recovered product had to be destroyed because of contamination and preservation issues. (*Id.* at ¶¶ 28, 29). The unrecovered Merchandise has since been offered for sale on secondary markets at prices below those which Blinc charges its legitimate customers. (*Id.* at ¶ 30). Plaintiff brings claims of negligent bailment and negligence.

Defendant removed this case to this Court on October 27, 2014. (ECF No. 1). Defendant argued that this Court had jurisdiction to hear this case because Plaintiff's state law causes of action were preempted either by the Carmack Amendment to the Interstate Commerce Act, Title 49, United States Code, Section 14706 (the "Carmack Amendment"), or the Carriage of Goods by Sea Act ("COGSA"), Title 46, United States Code, Sections 1300-1315. Defendant's Motion to Dismiss seeks dismissal on the same preemption grounds. Plaintiff, on the other hand, seeks to remand this case back to state court on the grounds that Defendant has failed to prove that this Court has federal question jurisdiction.

## II.   LEGAL STANDARDS

"[T]he burden of proving jurisdiction lies with the removing defendant." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). "[R]emoval statutes are construed narrowly." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

"A party may remove state law claims to federal court when Congress expressly so provides or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Eurosistemas, S.A. v. Antillean Marine Shipping, Inc.*, No. 11-21546, 2011 WL 3878357, at *2 (S.D. Fla. Sept. 1, 2011).

## III.   DISCUSSION

Defendant AZ removed this action on the basis that this Court has original jurisdiction pursuant to 28 U.S.C. Section 1337, which provides that, "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce…." While Plaintiff only asserted state causes of action – negligent bailment and negligence – Defendant argues that Plaintiff's claims are exclusively governed by the Carmack Amendment. Alternatively, Defendant argues that the cargo is subject to COGSA to the extent that the ocean bill of lading referenced in paragraph 10 of the Complaint contains a "Himalaya"[2] clause extending the ocean bill's privileges and immunities to land-based contractors, such as AZ. If a "Himalaya" clause is contained in the ocean bill of lading, Defendant argues, the preemptive effect of COGSA would extend to AZ. Regardless of whether the claims are preempted by the Carmack Amendment or COGSA, Defendant moves to dismiss the Complaint on preemption grounds.

In response to Plaintiff's First Set of Interrogatories, Defendant stated that, "Based upon discovery to date, it has been clarified that the Carmack Amendment does not apply to this shipment." (ECF No. 26-3 at 4). Thus, the only potential remaining grounds for this Court's jurisdiction is Defendant's argument that Plaintiff's causes of action are preempted by COGSA. I now turn to that issue.

COGSA governs all foreign trade contracts for the carriage of goods by sea to or from U.S. ports. COGSA § 13, 46 U.S.C. § 30701. COGSA governs a carrier's duties from the time cargo is loaded onto a ship until it is discharged. COGSA §§ 2 – 3, 46 U.S.C. § 30701. With respect to cargo, the carrier must "properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried." COGSA § 2. "Under COGSA, claims made pursuant to a bill of lading completely preempt state law causes of action and confer jurisdiction to federal district courts; plaintiffs are entitled to a single remedy and all other tort claims are excluded." *Eurosistemas, S.A. v. Antillean Marine Shipping, Inc.*, Case No. 11-21546, 2011 WL 3878357, at *2 (S.D. Fla. Sept. 1, 2011) (citing *Polo Ralph Lauren v. Tropical Shipping & Constr.*, 215 F.3d 1217, 1220 (11th Cir. 2000)). Although COGSA expressly applies duties to carriers during the sea transport, the parties may agree to

---

[2] "Bill of lading provisions which extend defenses and protections to the carrier's agents and contractors are known in admiralty law as Himalaya clauses." *Certain Underwriters at Lloyds' v. Barber Blue Sea Line*, 675 F.2d 266, 269 (11th Cir. 1982).

extend the applicability of the Act to the pre-loading and post-discharge period. COGSA § 7. When the parties extend COGSA to pre-loading and post-discharge periods, however, they must comport with the Harter Act, which was codified into COGSA in 1936. 46 U.S.C. § 30701 (indicating that "[t]his chapter codifies the Act of February 13, 1893…(commonly known as the Harter Act)").

Since the time of filing the Motion to Dismiss and the Motion to Remand, the parties have obtained certain responses to discovery. Defendant submitted the Combined Transport Bill of Lading, including terms and conditions, obtained from Panda Logistics USA, Inc. pursuant to a subpoena *duces tecum*. (ECF No. 14-1).[3] Paragraph 2(B) on the terms and conditions states, "If this Bill of Lading covers goods moving to or from ports of the United States in foreign trade, then carriage of such goods shall be subject to the provisions of the [COGSA], the terms of which shall be incorporated herein. Paragraph 1(B) of the terms and conditions defines "Inland Carrier" to include "carriers…by land…participating in combined transport of the Goods, whether acting as carrier or bailee." (*Id.*). Paragraph 1(C) defines "Combined Transport" as carriage…from place of receipt…to place of delivery…by the Ocean Carrier plus one or more Inland Carriers." (*Id.*). Paragraph 1(J) defines "Subcontractor" to include warehousemen "or other legal entity which performs services incidental to the carriage of the Goods." (*Id.*). Paragraph 5(C) provides that "every Subcontractor…shall have the benefit of all provisions in this Bill of Lading for the benefit of the Ocean Carrier as if such provisions were expressly for the Subcontractor's benefit…."

These terms clearly extend COGSA to the pre-loading and post-discharge periods. However, this bill of lading does not prove that COGSA applies to the parties' relationship. On its face, the bill of lading provides that the "Place of Delivery By On Carrier" is "Miami CFS." Paragraph 10 of Plaintiff's Complaint, however, states that the shipment was from the port of Tokyo, Japan to Blinc in Boca Raton, Florida. The goods were allegedly lost after Defendant obtained the Merchandise in good condition in their warehouse in Miami, and subsequently released them to thieves with falsified documents. It is unclear from the

---

[3] "[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005)

evidence presented by Defendant whether the bill of lading's terms and conditions continued to apply after the goods were delivered in Miami to Defendant.

Given the uncertainty as to whether COGSA was extended to encompass the final leg of the shipment – from Miami to Boca Raton – Defendant has not carried its burden of demonstrating that COGSA preempts Plaintiff's causes of action, and that this Court has federal question jurisdiction. Accordingly, remand is warranted. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) ("Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.").

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that

1. Plaintiff's Motion to Remand (ECF No. 5) is **GRANTED**. However, given the uncertainties involved, Plaintiff's Motion for Attorneys' Fees and Costs is **DENIED**.

2. Defendant's Motion to Dismiss (ECF No. 3) is **DENIED as moot**.

3. This matter is therefore remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

4. The Clerk of Court is directed to **CLOSE** this case.

5. All pending motions not otherwise ruled upon are **DENIED as moot**.

**DONE and ORDERED** in chambers at Miami, Florida, this 30th day of June 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*